UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GERARDO A. GARCIA, individually and             Index No. 19-CV-563
on behalf of all others similarly situated,

                                                    **COMPLAINT**

                     Plaintiffs,

    -against-

MEADOWMERE CONCRETE CORP. and
GLEN A. ANDERSON, individually
and in his official capacity,

                    Defendants.
------------------------------------------------------------X

       Plaintiff Gerardo A. Garcia ("Plaintiff"), on behalf of himself and on behalf of all other similarly situated persons, by and through his counsel, Bell Law Group PLLC, as and for his Complaint in this action against Defendants Meadowmere Concrete Corp. ("Meadowmere") and Glen A. Anderson ("Anderson") (collectively, "Defendants"), hereby alleges as follows:

## NATURE OF THE CLAIMS

       1.     Plaintiff brings this action, on behalf of himself and on behalf of all other similarly situated persons, to recover for (1) unpaid overtime which Defendants failed to pay in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* and the New York Labor Law ("NYLL"), §§ 650, *et seq.*; (2) failure to provide Plaintiff with an accurate wage statement with each payment as required by the NYLL, Section 195; and (3) failure to provide Plaintiff with written notice of pay rate as required by the NYLL, Section 195.

       2.     Plaintiff's claims under the FLSA are brought as a collective action, pursuant to 29 U.S.C. § 216(b), on behalf of himself and on behalf of all other similarly situated persons who were/are employed by Defendants as manual Construction Workers, and other similar manual

laborer positions, who were/are not paid overtime at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek for the period of three (3) years prior to the date of the filing of this complaint to the date of the final disposition of this action (the "FLSA Collective Period"). Plaintiff and all such other similarly situated persons are jointly referred to herein as the "FLSA Collective."

3.  Members of the FLSA Collective are similarly situated because they were all subject to Defendants' common policy and/or practice that resulted in not paying overtime at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek during the FLSA Collective Period.

4.  Plaintiff's wage claims under the New York Labor Law are brought as a class action pursuant to the New York Civil Practice Law and Rules ("CPLR") § 901 on behalf of herself and all other similarly situated persons who were/are employed by Defendants as manual Construction Workers, and other similar manual laborer positions, who were/are not paid overtime at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek for the period of six (6) years prior to the date of the filing of this complaint to the date of the final disposition of this action (the "New York Class Period"). Plaintiff and all such other similarly situated persons are jointly referred to herein as the "New York Class."

## JURISDICTION AND VENUE

5.  Pursuant to 28 U.S.C. §§ 1331 and 1343, the Court has subject matter jurisdiction over this action because the action involves federal questions regarding the deprivation of Plaintiff's rights under the FLSA. Pursuant to 28 U.S.C. § 1367(a), the Court has supplemental jurisdiction over Plaintiff's related claims under the NYLL.

6. Pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in this district because it is a judicial district in which at least one of the Defendants resides and a substantial part of the events or omissions giving rise to this action occurred in this district.

## PARTIES

7. Plaintiff is a resident of the State of New York, residing at 112 Patchogue Avenue, Mastic NY 11950.

8. At all relevant times, Plaintiff was an "employee" of Defendants within the meaning of all applicable statutes.

9. Upon information and belief, Defendant Meadowmere is a New York corporation with a principal place of business at 30 Frowein Road, Center Moriches, NY 11934.

10. At all relevant times, Meadowmere was an "employer" within the meaning of all applicable statutes, and an enterprise engages in commerce as defined by FLSA §§ 203(r) and (s), with annual gross volume business in an amount not less than $500,000.

11. Defendant Glen Anderson is the owner of Meadowmere. At all relevant times, Anderson controlled the operations and determined the policies and practices of Meadowmere, including, but not limited to, how employees are compensated.

12. Defendant Anderson was and remains an "employer" within the meaning of all applicable statutes.

## FACTUAL ALLEGATIONS

13. Plaintiff worked as an hourly construction worker for Defendants starting in or about August 2010 until the summer of 2017.

14. Plaintiff regularly worked over 40 hours per week.

15. More specifically, Plaintiff would regularly arrive to work at 6:00am and generally not end his workday until 6:00pm.

16. Plaintiff was generally paid $22.00 per hour, no matter how many hours he worked.

17. Plaintiff was never paid one and one-half times his regular hourly rate for hours worked over forty (40) in a workweek.

18. Defendants failed to provide Plaintiff with an accurate statement or notice of his full wages, hours worked, regular rate of pay, overtime rate of pay, or other information required by NYLL § 195.

19. Defendants knew that the foregoing acts violated the FLSA and the NYLL and would economically injure Plaintiff and the other similarly situated employees.

20. Defendants committed the foregoing acts knowingly, intentionally and willfully.

## FLSA COLLECTIVE ACTION ALLEGATIONS

21. Plaintiff brings his FLSA claims as a collective action pursuant to 29 U.S.C. §216(b), on behalf of himself and on behalf all persons who are currently, or have been employed by Defendants, at any time during the three years prior to the filing of their respective consent forms, who worked as manual construction workers or other similar positions.

22. The basic job duties of the FLSA Collective are and were the same as or substantially similar to those of Plaintiff, and the FLSA Collective are and were paid in the same manner and under the same common policies, plans and practices as Plaintiff.

23. The FLSA Collective, like Plaintiff, all have been subject to the same unlawful policies, plans and practices of Defendants, including a failure to pay overtime at a rate of one

and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours per workweek.

24. During the FLSA Collective Period, Defendants were fully aware of the duties performed by Plaintiff and the FLSA Collective, and that those duties were not exempt from the overtime provisions of the FLSA.

25. As a result of Defendants' conduct as alleged herein, Defendants violated 29 U.S.C. § 207.

26. Defendants' violations of the aforementioned statute were willful, repeated, knowing, intentional and without a good faith basis, and significantly damaged Plaintiff and the FLSA Collective.

27. As a result of Defendants' conduct, Defendants are liable to Plaintiff and the FLSA Collective for the full amount of their overtime, an additional equal amount in liquidated damages, attorneys' fees and costs incurred by Plaintiff and the FLSA Collective and pre- and post-judgment interest.

28. The exact number of members of the FLSA Collective is unknown to Plaintiff at the present time, but upon information and belief, Defendants are in possession of this information.

29. Plaintiff is currently unaware of the identities of the FLSA Collective. Accordingly, Defendants should be required to provide Plaintiff with a list of all persons employed by Defendants in similar positions during the FLSA Collective Period, along with their last known addresses, telephone numbers and e-mail addresses so Plaintiff can give the FLSA Collective notice of this action and an opportunity to make an informed decision about whether or not to participate in it.

## **RULE 23 CLASS ACTION ALLEGATIONS**

30. Plaintiff brings his NYLL claims pursuant to N.Y. CPLR § 901 on behalf of himself and all other similarly situated persons who were/are employed by Defendants in the State of New York as Construction Workers and/or other similar manual laborer positions who were/are not paid overtime wages.

31. The basic job duties of the New York Class were/are the same as or substantially similar to those of Plaintiff, and the New York Class were/are paid in the same manner and under the same common policies, plans and practices as Plaintiff.

32. The New York Class, like Plaintiff, all have been subject to the same unlawful policies, plans and practices of Defendants, including not paying overtime.

33. During the New York Class Period, Defendants were fully aware of the duties performed by Plaintiff and the New York Class, and that those duties were not exempt from the applicable provisions of the NYLL and/or its regulations.

34. As a result of Defendants' conduct as alleged herein, Defendants violated the NYLL and/or its regulations by not paying the New York Class and Plaintiff overtime wages.

35. Defendants' violations of the NYLL and/or its regulations were willful, repeated, knowing, intentional and without a good faith basis, and significantly damaged Plaintiff and the New York Class.

36. As a result of Defendants' conduct, Defendants are liable to Plaintiff and the New York Class for the full amount of their unpaid overtime wages, plus an additional amount as liquidated damages, plus the attorneys' fees and costs incurred by Plaintiff and the New York Class, plus pre- and post-judgment interest at the statutory rate of nine (9) percent per annum.

37. Certification of the New York Class members' claims as a class action is the most efficient and economical means of resolving the questions of law and fact common to Plaintiff's claims and the claims of the New York Class. Plaintiff has standing to seek such relief because of the adverse effect that Defendants' unlawful compensation policies and practices have had on her individually and on members of the New York Class. Without class certification, the same evidence and issues would be subject to re-litigation in a multitude of individual lawsuits with an attendant risk of inconsistent adjudications and conflicting obligations. Certification of the New York Class is the most efficient and judicious means of presenting the evidence and arguments necessary to resolve such questions for Plaintiff, the New York Class and Defendants.

38. Plaintiff's claims raise questions of law and fact common to the New York Class, including, but limited to:

   a. Whether Defendants failed to pay Plaintiff and the New York Class overtime wages for all hours working in excess of 40 hours per workweek during the New York Class Period;

   b. Whether Defendants' failure to pay overtime wages to Plaintiff and the New York Class constitutes a violation of the NYLL and/or its regulations;

   c. Whether Defendants' violations of the NYLL and/or its regulations were willful.

39. These common questions of law and fact arise from the same course of events, and each class member will make similar legal and factual arguments to prove liability.

40. Plaintiff is a member of the New York Class that he seeks to represent. Plaintiff's claims are typical of the claims of the New York Class. The relief Plaintiff seeks for the unlawful policies and practices complained of herein are also typical of the relief which is sought on behalf of the New York Class.

41. Plaintiff's interests are co-extensive with those of the New York Class that he seeks to represent in this case. Plaintiff is willing and able to represent the New York Class

fairly and to vigorously pursue their similar individual claims in this action. Plaintiff has retained counsel who are qualified and experienced in employment class action litigation, and who are able to meet the time and fiscal demands necessary to litigate a class action of this size and complexity. The combined interests, experience and resources of Plaintiff and his counsel to litigate the individual and New York Class claims at issue in this case satisfy the adequacy of representation requirement of N.Y. CPLR § 901.

42. Defendants have acted or refused to act on grounds generally applicable to the New York Class, making final injunctive and declaratory relief appropriate with respect to the New York Class as a whole.

43. Injunctive and declaratory relief are the predominant relief sought in this case because they are the culmination of the proof of Defendants' individual and class-wide liability and the essential predicate for Plaintiff's and the New York Class members' entitlement to monetary and non-monetary remedies to be determined at a later stage of the proceedings.

44. The common issues of fact and law affecting Plaintiff's claims and those of the New York Class members, including the common issues identified above, predominate over any issues affecting only individual claims.

45. A class action is superior to other available means for the fair and efficient adjudication of Plaintiff's claims and the claims of the New York Class. There will be no difficulty in the management of this action as a class action.

46. The cost of proving Defendants' violations of the NYLL and the supporting New York State Department of Labor regulations makes it impracticable for Plaintiff and the New York Class to pursue their claims individually. Maintenance of a class action promotes judicial economy by consolidating a large class of plaintiffs litigating identical claims. The claims of the

New York Class interrelate such that the interests of the members will be fairly and adequately protected in their absence. Additionally, the questions of law and fact common to the New York Class arise from the same course of events and each class member makes similar legal and factual arguments to prove the Defendants' liability.

47. The New York Class is so numerous that joinder of all members is impracticable. While the exact number of members of the New York Class is unknown to Plaintiff at the present time, upon information and belief, there are at least 40 other similarly situated persons who were/are employed by Defendants as Construction Workers and/or other similar manual labor positions during the New York Class Period.

48. Plaintiff is currently unaware of the identities of the New York Class members. Accordingly, Defendants should be required to provide Plaintiff with a list of all persons employed by Defendants in similar positions during the New York Class Period, along with their last known addresses, telephone numbers and e-mail addresses so Plaintiff can give the New York Class notice of this action and an opportunity to make an informed decision about whether or not to participate in it.

## FIRST CAUSE OF ACTION
### (Failure to Pay Overtime in Violation of 29 U.S.C. § 207)
### As to Plaintiff and the FLSA Collective

49. Plaintiff, on behalf of himself and the FLSA Collective, hereby repeats and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

50. The FLSA requires covered employers, such as Defendants, to pay all non-exempt employees at a rate not less than one and one-half times their regular rate of pay for all

hours worked in excess of forty (40) hours per workweek.  Plaintiff and the FLSA Collective were not exempt from the requirement that Defendants pay them overtime under the FLSA.

51. During the FLSA Collective Period, Defendants knew that Plaintiff and the FLSA Collective worked more than forty (40) hours per workweek for Defendants.  However, Defendants intentionally did not properly pay them overtime for hours worked in excess of forty (40) per workweek.

52. As a result of Defendants' failure to pay Plaintiff and the FLSA Collective overtime at a rate of one and one-half times their regular rate of pay for hours worked in excess of forty (40) hours per workweek, Defendants violated the FLSA.

53. The foregoing conduct of Defendants constitutes willful violations of the FLSA.

54. Defendants' violations of the FLSA have significantly damaged Plaintiff and the FLSA Collective and entitles them to recover the total amount of their unpaid overtime wages, an additional equal amount in liquidated damages, attorneys' fees and costs and pre- and post-judgment interest.

## SECOND CAUSE OF ACTION
**(Failure to Pay Overtime in Violation of NYLL §§ 650, *et seq.* and 12 N.Y.C.R.R. § 142-2.2)**
**As to Plaintiff and the New York Class**

55. Plaintiff hereby repeats and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

56. NYLL §§ 650, *et seq.* and 12 N.Y.C.R.R. § 142-2.2 require covered employers, such as Defendants, to pay all non-exempt employees at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours per workweek in the manner and methods provided in the FLSA.

57. Plaintiff and Class Members were not exempt from the requirement that Defendants pay them overtime under the NYLL and/or its regulations.

58. Defendants knew that Plaintiff and Class Members worked more than forty (40) hours per workweek for Defendants. However, Defendants intentionally did not properly pay them overtime for hours worked in excess of forty (40) per workweek.

59. As a result of Defendants' failure to pay Plaintiff and Class Members overtime at a rate of one and one-half times him regular rate of pay for hours worked in excess of forty (40) hours per workweek, Defendants violated the NYLL and its regulations.

60. The foregoing conduct of Defendants constitutes willful violations of the NYLL and its regulations.

61. Defendants' violations of the NYLL have significantly damaged Plaintiff and the New York Class and entitles them to recover the total amount of him unpaid overtime wages, an additional equal amount in liquidated damages, attorneys' fees and costs and pre- and post-judgment interest.

### THIRD CAUSE OF ACTION
**(Failure to Provide Accurate Wage Statements in Violation of NYLL § 195)**
**As to Plaintiff**

62. Plaintiff hereby repeats and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

63. NYLL § 195 requires covered employers, such as Defendants, to furnish accurate wage statements to their employees with every payment of wages.

64. Plaintiff and the Class Members were not exempt from this requirement.

65. Defendants failed to furnish accurate wage statements to Plaintiff and the Class Members in violation of NYLL § 195.

66. The foregoing conduct of Defendants constitutes willful violations of the NYLL and/or its regulations.

67. Defendants' violations of the NYLL have significantly damaged Plaintiff and the Class Members and entitles them to recover damages of $250 for each day that such violations occurred, up to a total of $5,000, an additional equal amount in liquidated damages, attorneys' fees and costs, and pre- and post-judgment interest.

## FOURTH CAUSE OF ACTION
### (Failure to Provide Wage Pay Notices in Violation of NYLL Section 195)
### As to Plaintiff

68. Plaintiff hereby repeats and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

69. Defendants failed to provide Plaintiff and Class Members with written notice upon hire regarding their rate of pay; the basis of their rate of pay; the employee's regular pay day, the name, address and telephone number of the employer; and other information required by Section 195 of the Labor Law.

70. Due to Defendants' failure to provide Plaintiff and Class Members with the notice required by Section 195 of the Labor Law, Plaintiff and Class Members are entitled to damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons respectfully request that this Court:

A. Declare that the practices complained of herein are unlawful under applicable federal and state law;

B. Declare this action to be maintainable as a collective action pursuant to 29 U.S.C. § 216, and direct Defendants to provide Plaintiff with a list of all persons who were/are

employed by Defendants in similar positions to Plaintiff during the FLSA Collective Period, including all last known addresses, telephone numbers and e-mail addresses of each such person so Plaintiff can give such persons notice of this action and an opportunity to make an informed decision about whether to participate in it;

  C. Designate Plaintiff as representative of the FLSA Collective;

  D. Determine the damages sustained by Plaintiff and the FLSA Collective as a result of Defendants' violations of the FLSA, and award those damages against Defendants and in favor of Plaintiff and the FLSA Collective, an additional equal amount in liquidated damages, attorneys' fees and costs and such pre- and post-judgment interest as may be allowed by law;

  E. Designate this action as a class action pursuant to N.Y. CPLR § 901;

  F. Designate Plaintiff as representative of the New York Class;

  G. Determine the damages sustained by Plaintiff and the New York Class as a result of Defendants' violations of the NYLL, and award those damages against Defendants and in favor of Plaintiff and the New York Class, an additional equal amount in liquidated damages, attorneys' fees and costs and pre- and post-judgment interest at the statutory rate of 9% per annum;

  H. Grant such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff, on behalf of himself and all other similarly situated persons, hereby demands a trial by jury on all issues of fact and damages.

Dated: January 29, 2019
   Garden City, New York

            Respectfully submitted,

BELL LAW GROUP, PLLC


By: _____/s/_____
      Andrea Batres, Esq.
      100 Quentin Roosevelt Boulevard
      Suite 208
      Garden City, NY 11530
      Tel: 516.280.3008
      Fax: 212.656.1845
      ab@belllg.com
      *Attorneys for Plaintiff*